**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:<br><br>GINGER LEIGH HAVARD<br><br>　　DEBTOR. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO: 19-12983<br><br>CHAPTER 13<br><br>SECTION A |

| | | |
|---|---|---|
| CATHERINE DAVIDSON,<br><br>　　PLAINTIFF,<br><br>V.<br><br>GINGER LEIGH HAVARD,<br><br>　　DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADV. NO. 20-1001 |

| | | |
|---|---|---|
| CATHERINE DAVIDSON,<br><br>　　PLAINTIFF,<br><br>V.<br><br>GINGER LEIGH HAVARD,<br><br>　　DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | ADV. NO. 20-1023 |

**ORDER AND REASONS**

Before the Court are (**1**) the *Motion for Summary Judgment*, [No. 20-1001, ECF Doc. 30], the *Memorandum in Support of Motion for Summary Judgment*, [No. 20-1001, ECF Doc. 31], and the *Statement of Uncontested Facts*, [No. 20-1001, ECF Doc. 32], (collectively, "Davidson's Motion"), filed by the Plaintiff, Catherine Davidson, ("Davidson"); and the Opposition thereto (the "Debtor's Opposition,"), [No. 20-1001, ECF Doc. 42], filed by the Debtor, Ginger Havard

1

("Havard" or the "Debtor");[1] **(2)** the *Motion for Summary Judgment*, [No. 20-1001, ECF Doc. 26], the *Statement of Uncontested Facts*, [No. 20-1001, ECF Doc. 27], and the *Memorandum in Support of Motion for Summary Judgment*, [No. 20-1001, ECF Doc. 28], (collectively, "Debtor's Motion"), filed by the Debtor; and the Opposition thereto filed by Davidson, ("Davidson's Opposition"), [No. 20-1001, ECF Doc. 41]; **(3)** the Debtor's *Objection to Proof of Claim Filed by Catherine L. Davidson*, (the "Objection To Davidson's Proof Of Claim"), [No. 19-12983, ECF Doc. 63]; and **(4)** Davidson's *Motion To Set Aside Order Confirming Chapter 13 Plan*, (the "Motion To Set Aside Confirmation"), [No. 19-12983, ECF Doc. 44], and the Debtor's Objection thereto, [No. 19-12983, ECF Doc. 51].

For the reasons that follow, this Court (i) **GRANTS** Debtor's Motion and **DENIES** Davidson's Motion; (ii) **SUSTAINS** the Objection to Davidson's Proof Of Claim; and (iii) **DENIES** the Motion To Set Aside Confirmation.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334. The matters presently before the Court constitute core proceedings that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b). The venue of the Debtor's chapter 13 case is proper under 28 U.S.C. § 1408.

---

[1] Davidson previously filed in this same case a prior *Motion for Summary Judgment*, [No. 20-1001, ECF Doc. 17], a *Statement of Uncontested Facts*, [No. 20-1001, ECF Doc. 18], and a *Memorandum in Support of Motion for Summary Judgment*, [No. 20-1001, ECF Doc. 19], (collectively, "Davidson's Prior Motion"), presenting substantially the same arguments. The Debtor filed an Opposition thereto in which she stated only that she "incorporates the arguments made in both her Memorandum in Support of her Motion for Summary Judgment (P-28) as well as her Opposition to the Motion for Summary Judgment filed by Ms. Davidson. (P-42) in response to this Motion for Summary Judgment. (P-17)." [No. 20-1001, ECF Doc. 44]. To the extent that Davidson's Motion currently before this Court did not supersede Davidson's Prior Motion, Davidson's Prior Motion is likewise **DENIED**.

2

## BACKGROUND

Havard and Davidson were married in 2008. [ECF Docs. 27 & 32]. The parties later separated and divorced, obtaining a Judgment of Divorce issued by the Ninth Judicial District Court in Louisiana, (the "State Court"), on September 21, 2015. [No. 20-1001, ECF Doc. 28, Ex. C]. On November 18, 2015, the Debtor filed a *Petition To Partition of Community Property* in the State Court. [No. 20-1001, ECF Doc. 28, Ex. D]. Following a trial on the merits, the State Court issued a *Reasons for Judgment* on September 18, 2019, (the "Partition Reasons"), [No. 20-1001, ECF Doc. 31, Ex. 1], followed by the *Judgment* on October 31, 2019, (the "Judgment"), [No. 20-1001, ECF Doc. 28, Ex. E], ordering the Debtor to pay Davidson a total sum of $261,076.02.

On October 31, 2019, Havard filed for bankruptcy relief in this Court under chapter 13 of the Bankruptcy Code. [No. 19-12983, ECF Doc. 1]. The Debtor's bankruptcy petition lists Davidson not as a priority unsecured creditor under 11 U.S.C. § 507(a)(1)(A) or (B), but, rather, as a general, unsecured creditor with a claim of $147,183.72. [No. 19-12983, ECF Doc 10]. The Debtor's proposed chapter 13 plan similarly did not list Davidson as a priority unsecured creditor. [No. 19-12983, ECF Doc 16]. After the only objection to the plan, filed by the chapter 13 trustee, was withdrawn, the Court confirmed the plan on January 15, 2020. [No. 19-12983, ECF Doc 42]. On January 8, 2020, however, the week before the confirmation of the plan, Davidson filed Proof of Claim Number 3 asserting a priority unsecured claim under 11 U.S.C. § 507(a)(1)(A) or (B) for the amount of the State Court's Partition Judgment—$261,076.02. [No. 19-12983, Claim No. 3].

As noted, Davidson did not object to the treatment of her claim under the Debtor's plan prior to confirmation but, on January 25, 2020, she filed the Motion To Set Aside Confirmation, stating that the priority claim she filed "is not paid in full in the plan confirmed by order of the court." [No. 19-12983, ECF Doc. 44]. Davidson also initiated Adversary Proceeding No. 20-1001

3

against the Debtor, asserting that her claim is non-dischargeable under 11 U.S.C. § 523(a), and subsequent Adversary Proceeding No. 20-1023 against the Debtor, seeking to revoke plan confirmation for failure to treat her claim as a priority unsecured claim as required under 11 U.S.C. § 1322(a)(2). The Debtor also filed the Objection To Davidson's Proof Of Claim as well as the Objection to the Motion To Set Aside Confirmation, making both of those motions "contested matters" subject to the majority of the Federal Rules of Civil Procedure. *See* FED. R. BANKR. P. 9014.

To address those interrelated matters, this Court, pursuant to Bankruptcy Rule 7042, consolidated the contested matters and Davidson's two adversary proceedings. [No. 19-12983, ECF Docs. 55 & 75]. Following a subsequent status conference on June 12, 2020, and based on the representations by the parties that the issues between them could be resolved via summary judgment, the Court issued a Scheduling Order for the parties to file cross-motions for summary judgment on the disputed questions of whether Davidson's claim is a priority or general unsecured claim and whether it is dischargeable. [No. 20-01001, ECF Doc 24].

## DISCUSSION

### A. Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56(a), made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, is appropriate when the movant shows that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law. In deciding a motion for summary judgment, "the judge's function is not [herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Fifth Circuit has stated that "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit

4

the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

The parties dispute two different, but interrelated, questions: first, whether Davidson's claim is a priority unsecured claim under 11 U.S.C. § 507(a)(1)(A) or a general unsecured claim, and second, whether the debt is non-dischargeable under 11 U.S.C. § 523(a)(5). Both questions depend on whether the State Court's judgment created a "domestic support obligation" as defined within the Bankruptcy Code. Specifically, § 507(a)(1)(A) grants first priority to "[a]llowed unsecured claims for domestic support obligations that, as of the date of the filing of the petition in a case under this title, are owed to or recoverable by a spouse, former spouse, or child of the debtor," while § 523(a)(5) renders non-dischargeable a "domestic support obligation."

"Domestic support obligation" is defined by the Bankruptcy Code as "a debt owed to . . . a spouse, former spouse, or child of the debtor" that is "in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated." 11 U.S.C. § 101(14A). "A bankruptcy court applies federal law in determining whether a divorce decree creates a debt that is in the nature of alimony, maintenance, or support." *In re Beacham*, 520 B.R. 561, 563 (Bankr. S.D. Tex. 2014). "Regardless of how the obligation was labeled in the divorce court, the bankruptcy court 'must place substance over form to determine the true nature and purpose of the award.'" *In re Dillon*, 619 B.R. 357, 361 (Bankr. S.D. Miss. 2020) (quoting *Joseph v. J. Huey O'Toole, P.C. (In re Joseph)*, 16 F.3d 86, 88 (5th Cir. 1994)). "The ultimate characterization under the Code is solely the province of the bankruptcy court." *Woodward v. Ehrler-Nugent (In re Nugent)*, 484 B.R. 671, 679 (Bankr. S.D. Tex. 2012) (citing *Brody v. Brody (In re Brody)*, 3 F.3d 35, 39 (2d Cir. 1993)).

5

The analysis of whether a claim is a domestic support obligation is the same in the § 507(a)(1) and § 523(a)(5) contexts *Compare, e.g.*, *In re Dillon*, 619 B.R. at 361 (analyzing a domestic obligation in the context of § 507), *with In re Beacham*, 520 B.R. at 564–65 (analyzing a domestic obligation in the context of § 523).

A creditor seeking priority status for its claim bears the burden of proving that it falls within the priority structure of § 507. *See In re Cousins*, 601 B.R. 609, 612 (Bankr. E.D. La. 2019). Similarly, the party asserting non-dischargeability bears the burden of proof that the debt is non-dischargeable. *In re Nugent*, 484 B.R. at 679. "Intertwined with this burden is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." *Hudson v. Raggio & Raggio, Inc. (In Re Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997) (citation omitted). But "[c]ourts construe domestic support obligations more broadly than other exceptions to discharge to ensure that the Bankruptcy Code does not become a tool to allow debtors to escape familial obligations." *Steele v. Wyly (In re Wyly)*, 525 B.R. 644, 653 (Bankr. N.D. Tex. 2015) (citations omitted).

### B. Davidson's Claim Stems from a Property Settlement

In the present case, the parties dispute whether the debt in question is "in the nature of alimony, maintenance, or support" so as to render it a domestic support obligation for the purposes of §§ 507 and 523, or is, instead, merely a property settlement not entitled to special treatment under those sections.[2] "[D]ivorcing spouses incur obligations to each other either to (i) divide

---

[2] Section 523(a)(15) of the Bankruptcy Code permits debts arising out of divorce degrees that do not qualify as domestic support obligations to be deemed non-dischargeable under certain circumstances. But per § 1326(a)(2), § 523(a)(15) is not applicable to cases filed under chapter 13. *See In re Jones*, No. 10-80478, 2010 WL 4008155, at *2 (Bankr. W.D. La. Oct. 12, 2010).

property interests, or (ii) balance the parties' anticipated financial needs." *Id.* at 654. "The Bankruptcy Code considers the former to be a property settlement and the latter to be support." *Id.*; *see also Milligan v. Evert (In re Evert)*, 342 F.3d 358, 371 at n.5 (5th Cir. 2003) (discussing "Congressional recognition that there *are* inter-spousal payment obligations arising out of but continuing after divorce which are *not* alimony, support or maintenance and which thus do not fall within § 523(a)(5)").

"Under bankruptcy law, the intent of the parties at the time a separation agreement is executed determines whether a payment pursuant to the agreement is alimony, support or maintenance." *In re Evert*, 342 F.3d at 368. When, as here, "the Judgment was not achieved by the parties through settlement, but by [a state] court after a full-blown trial," this Court must consider the intent of the State Court rather than the parties themselves. *In re Nugent*, 484 B.R. at 679. "If the Judgment's intent is clear, then this should control the Court's characterization of the Obligations." *Id.* "If, however, the Judgment's intent is ambiguous, then this Court may consider extrinsic evidence, including a non-exclusive list of factors. . . . first set out of the Fifth Circuit in *In re Nunnally* [506 F.2d 1024 (5th Cir. 1975)]."[3] *Id.*

The Debtor asserts that the State Court rendered "an unambiguous judgment . . . that dealt with the distribution of property and debts of the parties." [No. 20-1001, ECF Doc. 42]. In contrast, Davidson, while including a request for summary judgment in her favor, ultimately contends that the State Court Judgment is ambiguous as to whether it includes an award in the

---

[3] "These factors, first introduced by the Fifth Circuit in *In re Nunnally*, include: (1) the parties' disparities in earning power at the time of the Judgment; (2) the parties' relative business opportunities at the time of the Judgment; (3) the parties' physical condition at the time of the Judgment; (4) the parties' educational backgrounds; (5) the parties' expected future financial needs; (6) the likely benefit to each party had the marriage continued; and (7) the fault in breaking up the marriage." *In re Nugent*, 484 B.R. at 679 (citing *Nunnally v. Nunnally (In re Nunnally)*, 506 F.2d 1024, 1026 (5th Cir. 1975));

nature of support, and argues that a trial is therefore necessary for the Court to hear testimony and consider other extrinsic evidence to apply the *Nunnally* factors.

This Court determines that it is unnecessary to proceed to the *Nunnally* factors because the State Court's Judgment and Partition Reasons reflect that both the labels given to and the substance of the debt owed by Havard is a property settlement. *See In re Evert*, 342 F.3d at 370 (holding that, under such circumstances, a bankruptcy court "made an error of law in prematurely resorting to the *Nunnally* factors"); *In re Wyly*, 525 B.R. at 661 (granting summary judgment upon finding that the state court judgment was unambiguously in the nature of support). The action the Debtor initiated in State Court was one for "Partition of Community Property," [No. 20-1001, ECF Doc. 28, Ex. D], and the State Court accordingly conducted what it characterized as a "trial to partition the community property." [No. 20-1001, ECF Doc. 30, Ex. 1]. Although those labels are not dispositive, the substantive characteristics of the Judgment and Partition Reasons also reflect a property distribution. In the Partition Reasons, the State Court separated each kind of property in dispute and assessed both its value and whether it constituted community or separate property under Louisiana law. [No. 20-1001, ECF Doc. 30, Ex. 1]. For each kind of property found to be community property, the State Court determined which former spouse held possession of that property and ordered that party to compensate the other for "one-half of the value." [No. 20-1001, ECF Doc. 28, Ex. E, at 2]. The State Court also found that Davidson had on several occasions used her separate funds to invest in the couple's community. In those instances, the Partition Reasons and Judgment similarly ordered that Davidson be "reimbursed for one-half" of what she invested, *i.e.*, the one-half of her separate property that she expended for the betterment of the Debtor. [No. 20-1001, ECF Doc. 31, Ex. 1, at 2]. Finally, the State Court determined that the

Debtor owed Davidson for vandalism she caused to Davidson's property. [No. 20-1001, ECF Doc. 31, Ex. 1, at 1–2].[4]

All spousal payments derived from "the parties' joint liability, title and interest" in the marital property and liabilities. *See In re Nugent*, 484 B.R. at 681. That retrospective division, designed to balance evenly the parties' interests in the community property, is wholly characteristic of a property division, while the use of a prospective compensation scheme that aimed to help each party maintain her way of life after divorce would be more indicative of a support judgment. *Compare In re Evert*, 342 F.3d at 371 (holding that "payments or transfers made simply to equalize the division of the spouses' existing property" constitute property divisions, rather than support), *with In re Wyly*, 525 B.R. at 657–58 ("[I]f an obligation is part of an 'overall economic arrangement' that 'reflects a balancing of the parties' financial needs,' it is in the nature of support." (quoting *Joseph v. J. Huey O'Toole (In re Joseph)*, 16 F.3d 86, 87–88 (5th Cir. 1994)).

Moreover, the Judgment does not possess other characteristics that courts have found to tilt in favor of finding a domestic support obligation. Specifically, there is no provision for a payment plan of the award over time, nor any specification that the obligations would terminate upon the death or changed circumstances of one of the parties. *See In re Evert,* 342 F.3d at 369 ("One characteristic indicative of alimony is that it is normally subject to modification if the beneficiary no longer needs the support while one sign that an obligation is part of a property division is that it is not altered by a change in the circumstances of the beneficiary."); *In re Nugent*, 484 B.R. at 681–82 (finding that a state court's judgment ordering payments over time rather than in a lump sum weighed in favor of finding a support obligation rather than a property settlement).

---

[4] Davidson has not asked this Court to find this portion of the claim non-dischargeable under § 523(a)(6).

9

## CONCLUSION

For the foregoing reasons, this Court finds that the debt underlying Davidson's claim is a property settlement and not a debt in the nature of alimony, maintenance, or support, and thus cannot qualify as a domestic support obligation. Davidson's claim holds general unsecured status rather than priority unsecured status under 11 USC § 507(a)(1)(A) and cannot be exempted from discharge under 11 USC § 523(a)(5). Therefore,

**IT IS ORDERED** that the Debtor's *Motion for Summary Judgment*, [No. 20-1001, ECF Doc. 26], is **GRANTED**, and Davidson's *Motion for Summary Judgment*, [No. 20-1001, ECF Doc. 30] is **DENIED**;[5]

**IT IS FURTHER ORDERED** that the Debtor's Objection to Davidson's Proof of Claim No. 3, [No. 19-12983, ECF Doc. 63] is **SUSTAINED**; and

**IT IS FURTHER ORDERED** that Davidson's *Motion To Set Aside Order Confirming Chapter 13 Plan*, [No. 19-12983, ECF Doc. 44], is **DENIED**.

Separate judgments on the Complaints filed in Adversary Proceeding Nos. 20-1001 and 20-1023 consistent with this Memorandum Opinion and Order will be entered contemporaneously and in accordance with Bankruptcy Rules 7054 and 9021.

New Orleans, Louisiana, November 12, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE

---

[5] To the extent that Davidson's Motion currently before this Court did not supersede Davidson's Prior Motion, [No. 20-1001, ECF Doc. 17], Davidson's Prior Motion is likewise **DENIED**.